*Charles C. Nadal* and *Joseph L. Delaney* for appellant.

*William E. Schenck* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: PARKER, Ch. J.; GRAY, O'BRIEN, BARTLETT and WERNER, JJ. Absent: MARTIN and VANN, JJ.

---

Supreme Court, New York Special Term. Reported. N. Y. L. J., February 24, 1904.

PEOPLE ex rel. GREENE v. GROUT, as Comptroller.

LEVENTRITT, J.: The decision of Mr. Justice GREENBAUM in *People ex rel. McLennon* v. *Grout* (38 Misc. 181), with which I find myself in accord, covers all the points made on this application except so far as the nature of the police officer's act is concerned in securing evidence. Considered, perhaps, as a question of absolute morals a choice of the lesser of two evils is presented, whether in the interest of the larger public good it is advisable for the individual to submit to a degrading sight. Considered as a legal question which concerns itself with the protection of the morals of the community at large, we have to do primarily with the minimum means necessary to insure that protection. Just to what extent the officer should go in securing evidence is at best a delicate question, the determination of which, except in the case of gross and patent abuse, should be left to the discretion of the commissioner upon whom the duty is cast by law to suppress houses of prostitution and whose failure to do so is made a punishable offense. In view of the affidavit of the police captain, who swears on the basis of twenty-five years' experience, that the method adopted is the only efficacious means of securing the desired result, I am indisposed to place my judgment above his. No immoral act is required to be performed by the police officer; the witnessing of an immoral act in the line of his duty is not personally degrading. He does not induce an immoral act in the sense in which that term is used in criminal law. So long as the criminal intent is not originally induced,

but its discovery merely provided for after its formation, there is no ground for saying that there has been a solicitation to commit the crime and the means adopted to uncover such an intent must be necessarily adapted to the crime of which it is the expression. I am of the opinion that there was no ground for a refusal to audit the expenses.